## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

LOWYLESS GLASPER                       CIVIL ACTION

VERSUS                                 NO. 20-2416-WBV-KWR

SOUTHERN FIDELITY INSURANCE COMPANY     SECTION: D (4)

### ORDER AND REASONS

Before the Court is a Motion to Compel Appraisal, Appoint Umpire, and Stay Litigation Pending Completion of Appraisal, filed by Southern Fidelity Insurance Company ("SFIC").[1]  Plaintiff opposes the Motion,[2] and SFIC has filed a Reply.[3]  The matter came before the Court for oral argument on January 27, 2021.  After careful consideration of the parties' memoranda and exhibits, oral argument, and the applicable law, the Motion is **GRANTED in part** and **DENIED as moot** in part.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On September 3, 2020, Lowyless Glasper filed a Complaint in this Court, seeking to recover amounts due under an insurance policy issued by SFIC on immovable property located at 17 Oak Tree Drive in Slidell, Louisiana (hereafter, "the Property").[4]  Plaintiff asserted that the Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332, diversity jurisdiction.[5]  At the Court's

---

[1] R. Doc. 18.
[2] R. Doc. 23.
[3] R. Doc. 37.
[4] R. Doc. 1.
[5] *Id*. at ¶ III.

request,[6] Plaintiff filed an Amended Complaint on September 16, 2020, clarifying his allegations regarding citizenship and the amount in controversy.[7]  Plaintiff alleges that his residence on the Property sustained damages as a result of a fire on May 31, 2020, and that the Property is covered by insurance policy number LVH 1014800 03 17 (the "Policy"), issued by SFIC.[8]  Plaintiff asserts that the Policy provides the following coverage:

| | |
|---|---|
| Coverage A – Dwelling | Limit – $591,000.00 |
| Coverage B – Other Structures | Limit – $59,100.00 |
| Coverage C – Personal Property | Limit – $295,500.00 |
| Coverage D – Loss of Use | Limit – $177,300.00[9] |

Plaintiff alleges that he filed a claim with SFIC the day that the fire happened.[10]  Plaintiff asserts that SFIC investigated the loss and is now required to pay him for damage to the structure, other structures, contents, debris removal and loss of use/additional living expenses under the Policy.[11]  Plaintiff alleges that, despite furnishing sufficient proof of loss and receiving a demand and request for payment under the Policy, SFIC has made only two payments – a $2,000.00 payment to Plaintiff on June 5, 2020 and a $422,643.66 payment to Plaintiff and Rushmore Loan Management Services LLC, Plaintiff's mortgage company, on July 16, 2020.[12]  Plaintiff asserts that these partial payments were unfair and inadequate to

---

[6] R. Docs. 6, 7.
[7] R. Doc. 8.
[8] *Id*. at ¶¶ VI, VIII.
[9] *Id*. at ¶ VI.
[10] *Id*. at ¶¶ VIII, IX.
[11] *Id* at ¶ IX.
[12] *Id*. at ¶ IX.

compensate him for the losses sustained as a result of the May 31, 2020 fire. Plaintiff alleges that he has suffered the following non-exclusive damages a result of the fire and SFIC's failure to pay his claim: (1) fire damage to the Property; (2) mold damage to the Property; (3) damage to the movable property within the Property at the time of the fire; (4) loss of work; (5) loss of the use of the home located on the Property; (6) repair and mitigation costs and expenses; and (7) additional living expenses.[13] Plaintiff further alleges that he is entitled to attorney's fees, costs and statutory penalties for SFIC's failure to properly and timely adjust and/or pay his claim under La. R.S. 22:1973 and La. R.S. 22:1892.[14] SFIC filed an Answer and Affirmative Defenses to Complaint and Amended Complaint, denying most of Plaintiff's allegations and asserting over 30 affirmative defenses.[15]

SFIC filed the instant Motion on November 16, 2020, seeking an Order requiring the parties to submit to an appraisal on all coverages of the Policy, appointing an umpire for appraisal and staying this matter pending completion of the appraisal.[16] SFIC asserts that it invoked the appraisal provision of the Policy for all coverages, and that Plaintiff agreed to participate in the appraisal process.[17] To support that assertion, SFIC notes that Plaintiff appointed Jessica Capos as his appraiser, and SFIC appointed Larry "Bree" McCorkle as its appraiser. SFIC asserts that the Policy contains an appraisal provision designed to address disputes over the

---

[13] *Id.* at ¶ XI.
[14] *Id.* at ¶¶ XII-XVII.
[15] R. Doc. 17.
[16] R. Doc. 18.
[17] R. Doc. 18-3 at p. 1.

amount of loss, which allows either party to demand an appraisal if the parties cannot agree on the amount of the loss.[18]   SFIC claims that La. R.S. 22:1311, which contains the Standard Fire Policy, has an identical appraisal provision and applies here because the Policy insures Plaintiff's property against fire.[19]   SFIC asserts that the appraisal provision in the Policy and in La. R.S. 22:1311 is valid and enforceable, and asks the Court to issue an Order requiring the parties to fully and completely participate in the appraisal process on all coverages.[20]

SFIC further asserts that the appraisal provision of the Policy provides that, "The appraisers shall first select a competent and disinterested umpire; **and failing for fifteen days to agree upon such umpire,** then on request of the insured or this Company such umpire **shall be selected by a judge of a court of record in the state in which the property covered is located**."[21]   SFIC claims that the appraisal provision also states that the expenses of an umpire and the appraisal process, other than payment of each parties' chosen appraiser, are to be shared equally by the parties.[22]   SFIC asserts that as of the date it filed the instant Motion, the appraisers have been unable to agree upon the selection of an umpire.   SFIC claims that the following individuals, proposed by its appraiser, are all neutral and qualified umpires based upon their curriculum vitae, which were submitted as exhibits to the Motion: (1) Michael Ely; (2) Raymond B. Gonzales, III; (3) Alexis

---

[18] *Id*. at p. 3 (*citing*  R. Doc. 18-5 at p. 28, SFIC Policy No. LVH 1014800 03 17).
[19] R. Doc. 18-3 at p. 4 (*citing* La. R.S. 22:1311).
[20] R. Doc. 18-3 at pp. 5-6.
[21] *Id*. at p. 6 (*quoting* R. Doc. 18-5 at 28) (emphasis added by SFIC).
[22] R. Doc. 18-3 at pp. 6-7.

Mallet, Jr.; and (4) Douglas J. McColl, Jr.[23]  As such, SFIC asks the Court to select one of these individuals to serve as umpire for the appraisal process.

Finally, SFIC asks the Court to stay this matter pending completion of the appraisal.[24]  SFIC asserts that a limited stay will not prejudice Plaintiff because the appraisal could resolve the dispute between the parties and put an end to this litigation.[25]  SFIC claims that other Sections of this Court have considered similar motions and have granted requests to stay those matter pending completion of an appraisal.[26]

Plaintiff agrees with SFIC that an appraisal of the structures under Coverages A and B of the Policy, covering "Dwelling" and "Other Structures," is appropriate, along with the appointment of an umpire.[27]  Plaintiff, however, does not consent to an appraisal for the losses covered under Coverages C and D of the Policy, covering "Personal Property" and "Loss Of Use," and argues that SFIC's appraisal request was untimely as to those provisions of the policy.[28]  To support his position, Plaintiff provides a lengthy recitation of the communications exchanged between his counsel and Tamesha Bruton, the SFIC claims adjuster assigned to his claim for damages from the May 31, 2020 fire.[29]  Plaintiff asserts that SFIC inspected his home on June

---

[23] R. Doc. 18-3 at p. 7 (*citing* R. Doc. 18-12).

[24] R. Doc. 18-3 at p. 7.

[25] *Id*. at p. 8.

[26] *Id*. at pp. 8-9 (citing *Jarrell v. S. Fid. Insur. Co.*, Civ. A. No. 11-1222, 2011 WL 13213613 (E.D. La. Aug. 25, 2011) (Zainey, J.); *Phong Thi Nguyen v. S. Fid. Insur. Co.*, Civ. A. No. 14-0297, 2014 WL 1276508 (E.D. La. Mar. 27, 2014) (Zainey, J.); R. Doc. 42 in Civ. A. No. 15-6232-JCZ-MBN, *Americas Insurance Co. v. Haynes, et al.* (E.D. La.) (Zainey, J.); *Morgan v. Americas Insur. Co.*, Civ. A. No. 16-13900, 2017 WL 6211043 (E.D. La. July 6, 2017) (Milazzo, J.)).

[27] R. Doc. 23 at p. 5.

[28] *Id*.

[29] *Id*. at pp. 2-4.

3, 2020, that he received a $2,000.00 check from SFIC two days later as an advance to address his "immediate needs," and that he furnished SFIC with a list of home contents that were damaged in the fire, an estimate of repair completion time, and a completed Questionnaire Loss of Use/Additional Living Expenses with a contents inventory list on June 8, 2020.[30]

Plaintiff claims that on July 7, 2020, 34 days after SFIC inspected the Property, his counsel sent a letter of representation to the SFIC claims adjuster with supplemental documentation of living expenses incurred by Plaintiff and "other residents of his home," as well as an updated list of lost contents.[31]  After several communications back and forth regarding Plaintiff's claims for dwelling coverage and coverage for additional living expenses, Plaintiff received a check for $422,643.00 on July 20, 2020 for his claim under Coverage A, covering "Dwelling."[32]  Plaintiff asserts that on July 22, 2020, Bruton, the claims adjuster, emailed Plaintiff's counsel to advise that an Examination Under Oath ("EUO") would be required for Plaintiff's claims for contents and additional living expenses.[33]  Plaintiff submitted to an EUO on August 10, 2020, which lasted four hours, and Plaintiff's counsel provided counsel for SFIC the documents requested during the EUO in an email dated August 11, 2020.[34]  Plaintiff alleges that counsel for SFIC did not respond to emails from his

---

[30] *Id*. at p. 2 (*citing* R. Docs. 23-1 through 23-6).
[31] R. Doc. 23 at p. 2 (*citing* R. Docs. 23-7 through 23-9).
[32] R. Doc. 23 at p. 4 (*citing* R. Docs. 23-10 through 23-17).
[33] R. Doc. 23 at p. 3 (*citing* R. Doc. 23-18).
[34] R. Doc. 23 at pp. 3-4 (*citing* R. Docs. 23-18 through 23-20).

counsel until August 31, 2020, when SFIC invoked the appraisal provision of the Policy.[35]

Plaintiff claims that while the appraisal clause in the Policy does not set a specific deadline for a party to demand an appraisal, it also does not provide an indefinite right to invoke the appraisal clause.[36] Plaintiff asserts that courts in this District have held that an appraisal clause must be invoked within a reasonable time period after a dispute as to the amount of loss arises.[37] Plaintiff claims that in determining what constitutes a reasonable time period, this Court can look to what Louisiana courts have done in similar contexts. Plaintiff points to *W.P. Sevier v. United States Fid. & Guar. Co.*, in which the Louisiana Supreme Court held that the insurer's failure to demand appraisal within 60 days of receipt of satisfactory proof of loss rendered the demand untimely, so the plaintiff did not have to submit to the appraisal process.[38] Plaintiff acknowledges that the Louisiana Supreme Court based its holding on the "When loss payable" provision contained in the Standard Fire Policy set forth in La. R.S. 22:691(F), which at that time required payment within 60 days after receipt of proof of loss.[39] Plaintiff also cites *Maison Orleans I v. Liberty Mut. Fire Insur. Co.*, wherein this Court held that an appraisal request made 60 days after

---

[35] R. Doc. 23 at p. 4 (*citing* R. Doc. 18-5).

[36] R. Doc. 23 at p. 5.

[37] R. Doc. 23 at p. 5 (citing *Nguyen v. St. Paul Travelers Ins. Co.*, Civ. A. No. 06-4130, 2007 WL 1672504, at *4 (E.D. La. June 6, 2007) (Vance, J.); *Newman v. Lexington Ins. Co.*, Civ. A. No. 06-4668, 2007 WL 1063578, at *4 (E.D. La. Apr. 4, 2007) (Africk, J.)).

[38] R. Doc. 23 at pp. 5-6 (citing *Sevier*, 497 So.2d 1380, 1384 (La. 1985)).

[39] R. Doc. 23 at p. 6.

receiving proof of loss was untimely because the insurance contract required an appraisal request be made within 60 days of receiving proof of loss.[40]

Plaintiff asserts that he met his post-loss obligations by submitting documentation of all of his losses and undergoing an EUO.  Plaintiff claims that he agreed to participate in the appraisal process with respect to Coverages A and B because an initial payment was made and SFIC has made an effort to advance the resolution of these portions of Plaintiff's fire loss claim.[41]  With respect to Coverage C, "Personal Property," which has a limit of $295,500.00, Plaintiff asserts that SFIC waited 84 days to request appraisal after receiving initial documentation of $121,848.17 of lost contents from Plaintiff on June 8, 2020.[42]  Plaintiff claims that he submitted documentation of additional lost contents, but SFIC has not issued any payment under Coverage C to date.  With respect to Coverage D, "Loss of Use," which has a limit of $177,300.00, Plaintiff asserts that SFIC paid him $2,000.00 and then waited 84 days to request appraisal after receiving Plaintiff's initial documentation of loss on June 8, 2020.[43]  As such, Plaintiff asks that SFIC's Motion to Compel Appraisal be granted as to Coverages A and B, but denied as untimely as to Coverages C and D.

While Plaintiff voices no opposition to the appointment of an umpire, he asks the Court to appoint Michael Gurtler, Thomas Foutz, or Robert Jackson as the

---

[40] R. Doc. 23 at p. 6 (citing *Maison*, Civ. A. No. 06-2856, 2006 WL 2460755, at *4 (E.D. La. Aug. 22, 2006) (Vance, J.)).
[41] R. Doc. 23 at p. 6.
[42] *Id*. (*citing* R. Doc. 18-4 at p. 16).
[43] R. Doc. 23 at p. 7 (*citing* R. Doc. 18-4 at p. 18).

umpire, rather than one of the individuals suggested by SFIC.[44]  Plaintiff asserts that each of these individuals is suitable to serve as an umpire in this case, and submitted copies of their curriculum vitae to the Court for review.[45]  Plaintiff objects to the three candidates submitted by SFIC to the extent that Plaintiff cannot determine from their curriculum vitae what percentage, if any, of their work is performed solely on behalf of an insurance company.  Until that percentage is known, and how dependent the individuals are upon insurers for employment, Plaintiff argues that SFIC's three candidates are unable to act as neutral and unbiased umpires in this case.[46]  If the Court determines that none of the foregoing professionals are competent to serve as an umpire, Plaintiff asks the Court to appoint a local general contractor that the Court has certified as an expert in the past.[47]

Plaintiff further asks the Court to require that the umpire selected issue an appraisal award within 30 days of the appointment, and asks the Court to issue an order requiring that: (1) the appraisers immediately exchange their detailed estimates of the loss upon the selection of an umpire; (2) the umpire's appraisal award

---

[44] R. Doc. 23 at pp. 9-10.

[45] R. Doc. 23 at pp. 9-10 (*citing* R. Docs. 23-5, 23-6).  The Court notes that Plaintiff did not provide a curriculum vitae for Robert Jackson, and instead submitted a document entitled "Contractor Detail." (R. Doc. 23-26).  When pressed during oral argument, Plaintiff's counsel admitted that they had made several requests for Mr. Jackson's curriculum vitae, to no avail.  During oral argument, the Court also pointed out that Plaintiff's counsel failed to submit a copy of Foutz' curriculum vitae, and subsequently issued an Order requiring counsel to file a motion to substitute Plaintiff's Opposition brief with a copy of his curriculum vitae by January 29, 2021.  (R. Doc. 37).  Plaintiff filed a Supplemental Memorandum in Support of Response to Southern Fidelity's Motion on January 29, 2021, with Foutz' curriculum vitae attached (R. Doc. 39), which was marked as deficient for failing to comply with the Court's Order. (R. Doc. 40).  Plaintiff then filed a Motion for Leave to File Motion to Supplemet [sic] Memorandum in Support of Lowyless Glasper's Memorandum in Response to Southern Fidelity's Motion on February 2, 2021 with Foutz' curriculum vitae attached.  (R. Doc. 41).  The Court granted both motions on February 3, 2021.  (R. Doc. 43).

[46] R. Doc. 23 at p. 10.

[47] *Id.*

state separately the actual cash value and the amount of the loss; (3) the umpire issue a report with the appraisal award that explains how he set the value of the loss and resolved differences between the appraisers; and (4) the umpire provide the appraisers a copy of his work product.[48]  Finally, Plaintiff argues that a stay would be premature at this point, as it has not yet been determined whether an umpire will be needed to resolve the valuation issues between the parties.[49]  Relying on prior authority from this Court, Plaintiff contends that the parties can conduct discovery and trial preparation during the appraisal process, and that our sister courts have denied or deferred requests to stay cases pending the completion of an appraisal.[50]

In response, SFIC asserts that its demand for appraisal was timely because there was no basis to dispute the total amount of loss until Plaintiff's EUO on August 10, 2020.[51]  SFIC explains that Plaintiff's EUO was taken specifically to determine whether there was a dispute as to the amount of loss because SFIC had learned that Plaintiff's brother and his family were living at the residence at the time of the fire.[52] As such, SFIC had to determine whether the contents belonged to Plaintiff or to other persons, and whether additional living expenses were covered under the Policy.  SFIC claims that during the EUO, Plaintiff revealed that he was not living at the insured

---

[48] R. Doc. 23 at pp. 8-9 (footnotes omitted).

[49] R. Doc. 23 at p. 10.

[50] *Id*. at pp. 10-11 (citing *Green Project, Inc. v. Evanston Insur. Co.*, Civ. A. No. 07-7744, 2008 WL 11355074, at *5 (E.D. La. Oct. 8, 2008) (Zainey, J.); *Boyd v. Occidental Fire & Cas. Co. of N. Carolina*, Civ. A. No. 10-0672, 2011 WL 4062383, at *1 (M.D. La. Sept. 13, 2011) (Hayes, J.); *Southern Fid. Insur. Co. v. Martin*, Civ. A. No. 13-0496, 2014 WL 12719622, at *3 (E.D. La. Jan. 3, 2014) (Brown, C.J.); *Durgin v. Allstate Property and Cas. Insur. Co.*, Civ. A. No. 6:19-CV-00721, 2020 WL 4018664, at *5 (W.D. La. July 16, 2020) (Summerhays, J.).

[51] R. Doc. 34 at p. 2.

[52] *Id*. at pp. 3-4.

dwelling at the time of the fire, that he had not been living there in over two years and that he was living in Georgia during that time.[53]  SFIC asserts that as a result of the EUO, SFIC determined that Plaintiff was not entitled to additional living expenses because he had not lived at the Property in over two years.  SFIC contends that the amount of loss was not in dispute until Plaintiff's EUO.  SFIC points out that it demanded appraisal within 21 days of taking Plaintiff's EUO.[54]  SFIC further asserts that Plaintiff "clearly waived" any reservations as to timeliness and the coverages to be appraised when Plaintiff's counsel responded to SFIC on September 19, 2020 stating that Plaintiff had selected Jessica Campos as his appraiser.[55]

SFIC further asserts that Plaintiff's proposed umpires are not competent and disinterested, as required under La. R.S. 22:1311, which contains the Standard Fire Policy.  SFIC claims that Plaintiff's proposed umpires are not neutral because they are known experts hired by plaintiffs to pursue claims against insurance companies.[56]  Specifically, SFIC argues that Michael Gurtler has served as an expert for plaintiffs in an overwhelming majority of cases, Thomas Foutz has directly negotiated settlements for insureds in prior litigation, and Robert Jackson has never served as an umpire.[57]  SFIC maintains that the four individuals that it proposed are all neutral and qualified umpires, as demonstrated by their curriculum vitae.[58]  SFIC maintains that the Court should stay this matter pending appraisal because the

---

[53] R. Doc. 34 at pp. 2, 4 (*citing* R. Doc. 34-1 at p. 11).
[54] R. Doc. 34 at p 2 (*citing* R. Doc. 18-5); R. Doc. 34 at p. 4.
[55] R. Doc. 34 at p. 3 (*citing* R. Doc. 34-2).
[56] R. Doc. 34 at pp. 4-5.
[57] *Id*. at pp. 5-6 (citations omitted).
[58] *Id*. at p. 6 (*citing* R. Doc. 18-12).

Policy and Louisiana law contemplate that an appraisal will be completed prior to proceeding with litigation.[59]  SFIC argues that the justification for a stay is compelling in this case because the parties' dispute could be resolved by the appraisal process, negating any need for further litigation and accompanying expense.[60]  SFIC re-urges its argument that this Court has previously granted similar motions to stay proceedings pending completion of the appraisal process,[61] and further asserts that Plaintiff will not be prejudiced by a temporary stay that will be promptly lifted after the appraisal process.  As such, SFIC asks this Court to stay this matter until the appraisal process is completed as to all coverages under the Policy.

## II.   LAW AND ANALYSIS

### A. SFIC's Request to Compel an Appraisal

The parties do not dispute that the Policy contains a valid and enforceable appraisal clause, which provides the following:

> **E. Appraisal.** In case we and you shall fail to agree as to the actual cash value or the amount of loss, then, on the written demand of either, each shall select a competent and disinterested appraiser and notify the other of the appraiser selected within twenty days of such demand.  The appraisers shall first select a competent and disinterested umpire; and failing for fifteen days to agree upon such umpire, then on request of you or us such umpire shall be selected by a judge of a court of record in the state in which the property covered is located.  The appraisers shall then appraise the loss, stating separately actual cash value and loss to each item, and failing to agree, shall submit their differences, only, to the umpire.  An award in writing, so itemized, of any two when filed with us shall determine the amount of actual cash value and loss.  Each

---

[59] R. Doc. 34 at p. 7.

[60] *Id.*

[61] *Id.* (*citing* R. Docs. 18-11, 18-13, 18-14 & 18-15).

appraiser shall be paid by the party selecting him and the expenses of appraisal and umpire shall be paid by the parties equally.[62]

The parties also agree that La. R.S. 22:1311, which contains the Standard Fire Policy, also applies to the Policy and provides the following:

> **Appraisal** - In case the insured and this Company shall fail to agree as to the actual cash value or the amount of loss, then, on the written demand of either, each shall select a competent and disinterested appraiser and notify the other of the appraiser selected within twenty days of such demand. The appraisers shall first select a competent and disinterested umpire; and failing for fifteen days to agree upon such umpire, then on request of the insured or this Company such umpire shall be selected by a judge of a court of record in the state in which the property covered is located. The appraisers shall then appraise the loss, stating separately actual cash value and loss to each item, and failing to agree, shall submit their differences, only, to the umpire. An award in writing, so itemized, of any two when filed with this Company shall determine the amount of actual cash value and loss. Each appraiser shall be paid by the party selecting him and the expenses of appraisal and umpire shall be paid by the parties equally.[63]

Since the parties agree that the appraisal clause of the Policy is valid, enforceable and applicable to Coverages A and B, the only dispute before the Court is whether SFIC timely invoked the appraisal clause with respect to Coverages C and D, covering "Personal Property" and "Loss of Use." The Court finds, and the parties do not dispute, that SFIC invoked the appraisal clause on August 31, 2020, in a letter that was sent to Plaintiff's counsel via facsimile, email, United States Mail and Certified Mail.[64] The letter advised Plaintiff's counsel that SFIC had selected Larry "Bree" McCorkle as its appraiser.[65] During oral argument, counsel for SFIC argued

---

[62] R. Doc. 18-5 at p. 28.
[63] La. R.S. 22:1311.
[64] R. Doc. 18-9.
[65] *Id.*

that the appraisal demand was timely because the Policy states that neither party can invoke the provision until the parties fail to agree as to the actual cash value or the amount of the loss.  SFIC's counsel argued, in the Reply brief and during oral argument, that there was no dispute over the amount of loss until Plaintiff's EUO on August 10, 2020, when SFIC learned that Plaintiff had not lived at the home for two years, which raised questions as to coverage over the contents and additional living expenses.[66]  In contrast, Plaintiff's counsel argued, in the Opposition brief and during oral argument, that SFIC's appraisal demand was untimely because it came 84 days after Plaintiff provided SFIC with satisfactory proof of loss on June 8, 2020.[67]  Plaintiff's counsel asserts that 84 days is an unreasonable amount of time to wait before invoking the provision.  The Court disagrees and finds in favor of SFIC on this issue.

The first sentence of the appraisal clause specifically provides that the parties can only demand an appraisal when, "we and you shall fail to agree as to the actual cash value or the amount of loss . . ."[68]  There seems to be no dispute that Plaintiff submitted a claim to SFIC on the day of the fire,[69] and that Plaintiff submitted a list of lost contents and documentation of additional living expenses to SFIC on June 8, 2020.  The Court, however, agrees with SFIC that submitting proof of loss does not evidence a dispute between the parties over the amount of loss, nor does that submission obligate the insurer to accept the submission without question or

---

[66] R. Doc. 34 at p. 2.
[67] R. Doc. 23 at pp. 2, 5-7.
[68] R. Doc. 18-5 at p. 28.
[69] R. Doc. 8 at ¶ VIII; R. Doc. 18-3 at p. 2; R. Doc. 23 at p. 1.

investigation. Based upon the evidence before the Court, there was no dispute between the parties regarding the amount of loss until August 10, 2020, when SFIC learned during Plaintiff's EUO that Plaintiff had not been living at the residence covered by the Policy and that Plaintiff's brother and his family had been living there. The Court agrees with SFIC that a dispute between the parties regarding the amount of loss did not arise until August 10, 2020, during Plaintiff's EUO.

As the parties point out, the appraisal provision of the Policy does not set a specific deadline for either party to invoke the provision once a dispute over the loss arises.[70] The Court recognizes, and Plaintiff correctly point out, that other Sections of this Court have held that when an appraisal clause does not set a specific deadline for demanding an appraisal, "the appraisal clause must be invoked within a reasonable time period after a dispute as to the amount of loss arises."[71] The Court finds that SFIC's appraisal demand on August 31, 2020, only three weeks after a dispute arose regarding the amount of loss, was a reasonable amount of time. As such, the Court finds that SFIC timely invoked the appraisal clause of the Policy.

The Court further finds that, even if the Court viewed the facts of this case in the light most favorable to Plaintiff, as argued by Plaintiff, and considered June 8, 2020 as the date when a dispute arose between the parties regarding the amount of loss, SFIC's appraisal demand on August 31, 2020, a little less than three months later, was still timely. The Court acknowledges that in *Nguyen v. St. Paul Travelers*

---

[70] R. Doc. 18-5 at p. 28.
[71] *Nguyen v. St. Paul Travelers Ins. Co.*, Civ. A. No. 06-4130, 2007 WL 1672504, at *3 (E.D. La. June 6, 2007); *Newman v. Lexington Ins. Co.*, Civ. A. No. 06-4668, 2007 WL 1065378 at *4 (E.D. La. Apr. 4, 2007)).

*Insur. Co.*, another Section of this Court held that, "60 days from receipt of a proof of loss is a reasonable time period within which an insurer must demand appraisal of the amount of loss."[72]  The Court notes, however, that the case cited by *Nguyen* for that position, *Newman v. Lexington Ins. Co.*, did not mention a "proof of loss" date.[73] Instead, the *Newman* court recognized that an appraisal clause must be invoked within a reasonable time after a dispute arises as to the amount of loss, and held that the insurer had invoked the appraisal clause within a reasonable time after the parties had reached an impasse, as evidenced by the filing of the lawsuit.[74]  As such, the Court rejects Plaintiff's argument that an appraisal clause must be invoked within 60 days of proof of loss.  Further, the *Newman* court expressly recognized that "courts have found that delays longer than two month[s] may be reasonable."[75]  Thus, contrary to Plaintiff's assertion, a three-month delay in invoking an appraisal clause is not *de facto* unreasonable.

The Court finds that the frequent communications between Plaintiff's counsel and SFIC's claim administrator, Temesha Bruton, further distinguish this case from the cases that Plaintiff cites in support of his timeliness argument.  As outlined in Plaintiff's Opposition brief and the exhibits thereto, Plaintiff's counsel was in constant contact with Bruton after the May 31, 2020 fire.[76]  Thus, this is not a case

---

[72] *Nguyen*, Civ. A. No. 06-4130, 2007 WL 1672504 at *3 (citing *Newman*, Civ. A. No. 06-4668, 2007 WL 1065378 at *4).

[73] *Newman*, Civ. A. No. 06-4668, 2007 WL 1065378 at *4.

[74] *Newman*, Civ. A. No. 06-4668, 2007 WL 1065378 at *4 (citations omitted).

[75] *Newman*, Civ. A. No. 06-4668, 2007 WL 1065378 at *4 (citing *Terra Indus. Inc. v. Commonwealth Ins. Co. of Am.*, 981 F.Supp. 581, 598-600 (N.D. Iowa 1997) (finding two-month delay reasonable); *Kester v. State Farm Fire & Cas. Co.*, 726 F.Supp. 1015, 1019 (E.D. Pa. 1989) (finding an eight-month delay reasonable under the circumstances)).

[76] R. Doc. 23 at pp. 2-4; R. Docs. 23-6 through 23-21.

in which an insured notifies the insurer of a loss and does not hear back from the insurer for weeks or months at a time.  In fact, when asked about the frequency of the communications during oral argument, Plaintiff's counsel stated that she was "continuously" in contact with Bruton through July 22, 2020.  Plaintiff's counsel explained that on July 22, 202, Bruton advised that counsel for SFIC would be contacting Plaintiff's counsel to schedule an EUO.[77]  Plaintiff's counsel further stated during oral argument that she was in "constant communication" with SFIC's counsel, Jonas Baker,[78] on an "if not weekly, bi-weekly" basis.  Thus, even if a dispute arose as to the amount of loss on June 8, 2020, the frequency of communications between Plaintiff's counsel and SFIC from May 31, 2020 through August 31, 2020 convinces the Court that the 84-day delay in SFIC invoking the appraisal clause was not unreasonable based on the particular facts in this case.

Based on the foregoing, the Court grants SFIC's Motion to the extent it seeks to compel an appraisal of loss under all four coverages of the Policy.  The Court notes that Plaintiff did not object to submitting to an appraisal under Coverages A and B, "Dwelling" and "Other Structures."  To the extent Plaintiff contested an appraisal under Coverages C and D, "Personal Property" and "Loss of Use," on the basis that the appraisal request was untimely under the Policy, the Court finds that the request was timely under the facts of this case and that an appraisal shall proceed under all four coverages of the Policy.

---

[77] *See*, R. Doc. 23-18.
[78] *See*, R. Doc. 23-21.

### B. SFIC's Request to Appoint an Umpire

SFIC further asked the Court to appoint an umpire in accordance with the Policy to resolve any disputes that may arise between the parties' respective appraisers.   After oral argument, however, the Court held a telephone status conference with the parties, during which Plaintiff's counsel indicated that there may be an umpire that the parties' appraisers could agree upon.[79]  As a result of the discussion during that conference, SFIC filed a Notice of Agreement into the record on February 5, 2021, informing the Court that the parties and their respective appraisers have reached an agreement regarding the selection of an umpire pursuant to the appraisal provision of the Policy.[80]  SFIC asserts in the Notice of Agreement that the agreement between the parties renders moot that portion of SFIC's Motion requesting the Court to appoint an umpire, but that the remaining issues raised in the Motion remain pending before the Court.[81]  Accordingly, SFIC's Motion is denied as moot to the extent SFIC seeks the appointment of an umpire.

### C. SFIC's Request to Stay the Matter Pending Appraisal

With respect to SFIC's request for the Court to stay this matter pending appraisal, Plaintiff does not dispute the Court's discretion to stay this case, and it is clear that the Court may stay the proceeding pending an appraisal.[82]  This Court has "wide discretion to control the course of litigation, which includes authority to control

---

[79] R. Doc. 45.
[80] R. Doc. 46.
[81] *Id.* at p. 1.
[82] *Carriage Court Condominium Owners Association, Inc. v. State Farm Fire and Cas. Co.*, Civ. A. No. 07-7715, 2008 WL 11374336, at *3 (E.D. La. Sept. 25, 2008) (Barbier, J.) (citing *In re Ramu Corp.*, 903 F.2d 312, 318 (5th Cir. 1990)).

the scope and pace of discovery."[83]  "This authority has been held to provide the court the 'general discretionary power to stay proceedings before it in control of its docket and in the interests of justice.'"[84]  The Fifth Circuit has cautioned, however, that a discretionary stay will be reversed when it is "immoderate or of an indefinite duration."[85]  In determining whether a stay of the proceedings is appropriate, other Sections of this Court have considered the following factors: (1) hardship and inequity on the moving party without a stay; (2) prejudice the non-moving party will suffer if a stay is granted; and (3) judicial economy.[86]

The Court specifically asked both counsel to address these three factors during oral argument.  Counsel for SFIC argued that a stay would promote judicial economy because an appraisal could resolve all of the claims in this case, also emphasizing that a stay would be temporary because the appraisal process is short.  Counsel for Plaintiff disagreed, arguing that judicial economy would not be served by a stay, but failed to articulate any support for that assertion.  As SFIC correctly points out, other Sections of this Court have granted similar requests to stay litigation pending appraisal, and also administratively closed the case during the stay.[87]  The Court recognizes that one of our sister courts has indicated that a stay may not be

---

[83] *In re Ramu Corp.*, 903 F.2d at 318 (citations omitted).

[84] *Id.* (quoting *McKnight v. Blanchard*, 667 F.2d 477, 479 (5th Cir. 1982)).

[85] *In re Ramu Corp.*, 903 F.2d at 318 (quoting *McKnight*, 667 F.2d at 479).

[86] *Boyd v. Occidental Fire & Cas. Co. of N. Carolina*, Civ. A. No. 10-0672, 2011 WL 4062383, at *1 (M.D. La. Sept. 13, 2011) (citing *Falgoust v. Microsoft Corp.*, Civ. A. No 00-0779, 2000 WL 462919, at *2 (E.D. La. April 19, 2000) (citations omitted) (McNamara, C.J.)).

[87] R. Doc. 18-3 at pp. 8-9 (citing *Jarrell v. S. Fid. Insur. Co.*, Civ. A. No. 11-1222, 2011 WL 13213613 (E.D. La. Aug. 25, 2011); *Phong Thi Nguyen v. S. Fid. Insur. Co.*, Civ. A. No. 14-0297, 2014 WL 1276508 (E.D. La. Mar. 27, 2014); R. Doc. 42 in Civ. A. No. 15-6232-JCZ-MBN, *Americas Insurance Co. v. Haynes, et al.* (E.D. La.); *Morgan v. Americas Insur. Co.*, Civ. A. No. 16-13900, 2017 WL 6211043 (E.D. La. July 6, 2017)).

appropriate in this case, which involves more than a dispute over the calculation of total loss suffered by Plaintiff as a result of the May 31, 2020 fire. In addition to recovering damages under the Policy, Plaintiff seeks statutory penalties, attorney's fees and costs based upon SFIC's failure to properly and timely adjust his claim under La. R.S. 22:1973 and La. R.S. 22:1892.[88] According to our sister court, "Compelling an appraisal and staying this case under these circumstances will serve to unduly delay discovery and the progress of this case without actually resolving the core legal and factual questions raised" by Plaintiff's claims.[89]

After reviewing the foregoing authority, the Court finds that a short stay pending appraisal is appropriate in this case. The Court finds that although SFIC would suffer minimal hardship if a stay is not granted, Plaintiff will not be prejudiced by a short stay of this matter and a stay would best serve the interest of judicial economy. Thus, two of the three pertinent factors weigh in favor of imposing a stay of this litigation.[90] Accordingly, the Motion is granted to the extent that SFIC seeks a stay of this matter pending appraisal and this matter shall be stayed for 90 days from the date of this Order. The Clerk's Office is directed to close this matter for administrative and statistical purposes pending further order from the Court. Additionally, the parties must file a joint status report 60 days from the date of this Order, apprising the Court of the status of the appraisal process.

---

[88] R. Doc. 8 at ¶¶ XII-XVII.

[89] *Durgin v. Allstate Property and Cas. Insur. Co.*, Civ. A. No. 6:19-CV-00721, 2020 WL 4018664, at *5 (W.D. La. July 16, 2020).

[90] *See, Boyd*, Civ. A. No. 10-0672, 2011 WL 4062383 at *1 (citing *Falgoust v. Microsoft Corp.*, Civ. A. No 00-0779, 2000 WL 462919, at *2 (E.D. La. April 19, 2000) (citations omitted)).

### III.   CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that the Motion to Compel Appraisal, Appoint Umpire, and Stay Litigation Pending Completion of Appraisal, filed by Southern Fidelity Insurance Company [91] is **GRANTED in part** and **DENIED as moot** in part.  The Motion is **GRANTED** to the extent that SFIC seeks to compel the parties to participate in the appraisal process and to the extent that SFIC seeks to stay this matter pending completion of the appraisal.  The parties shall proceed with an appraisal of the property located at 17 Oak Tree Drive in Slidell, Louisiana under all coverages set forth in the Policy.  The Motion is **DENIED as moot** to the extent that SFIC asks the Court to appoint an umpire.

**IT IS FURTHER ORDERED** that this civil matter is **STAYED** until **May 6, 2021,** and the parties shall file a joint status report on **April 6, 2021**, apprising the Court of the status of the appraisal process.

**IT IS FURTHER ORDERED** that the Clerk of Court **CLOSE** the above-captioned civil case for administrative and statistical purposes, pending further order from this Court.

New Orleans, Louisiana, February 5, 2021.

**WENDY B. VITTER**
**United States District Judge**

---

[91] R. Doc. 18.